**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**

**LISA A. HARTUNG[1],**

        **Plaintiff,**

-vs-　　　　　　　　　　　　　　　　　　　　　　Case No.  6:13-cv-340-Orl-18KRS

**USA,**

        **Defendant.**

_____

**REPORT AND RECOMMENDATION**

**TO THE UNITED STATES DISTRICT COURT:**

    This cause came on for consideration without oral argument on the following motion filed herein:

> **MOTION:**  **APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS (Doc. No. 2)**
>
> **FILED:**  **February 28, 2013**

**I.  BACKGROUND.**

    On February 28, 2013, Lisa A. Hartung filed a complaint against the United States.  Doc. No. 1.  She also filed a motion to proceed *in forma pauperis.*  Doc. No. 2.  Hartlund's complaint is largely disjointed and incoherent, but it appears that she may be alleging that she is entitled to some sort of

---

[1] Plaintiff wrote "Myself with and for FEMA from but not before 2002, 2003 and then ongoing tram stank without even the proper sending of mail or the proper ability to even file this claim" in the designated for identifying the plaintiff on her complaint. Doc. No. 1. Based on this, the Clerk of Court recorded the name of Plaintiff as "Myself with and for FEMA." Plaintiff identified herself as Lisa A. Hartung in the complaint and signed it with that name, so I refer to her by this name in this Report and Recommendation.

monetary payment (perhaps from FEMA) that is equal to the value of some real estate she owned. Doc. No. 1.

## II. APPLICABLE LAW.

Pursuant to 28 U.S.C. § 1915(e)(2)(B), when a plaintiff seeks to proceed *in forma pauperis*, the Court is required to consider whether the plaintiff's complaint is frivolous, malicious, fails to state a claim on which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. *See also* Local Rule 4.07; *Mitchell v. Farcass*, 112 F.3d 1483, 1491 n.1 (11th Cir. 1997) (Lay, J., concurring) ("Section 1915(e) applies to all [in forma pauperis] litigants – prisoners who pay fees on an installment basis, prisoners who pay nothing, and nonprisoners in both categories."). To state a claim on which relief may be granted, a plaintiff's complaint must contain sufficient factual content to bring her claims "across the line from conceivable to plausible." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A complaint is frivolous within the meaning of § 1915(e)(2)(B), if it "lacks an arguable basis in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

## III. ANALYSIS.

As mentioned above, Hartung's complaint is disjointed and largely incoherent. It does not contain sufficient factual content to bring her claims "across the line from conceivable to plausible," and it does not appear to rest on an arguable basis in law or in fact. Accordingly, Hartung's complaint is due to be dismissed for failure to state a claim on which relief may be granted and because it is frivolous.

Because Hartung is proceeding *pro se* and it is at least possible that an amended complaint could cure the defects of the current complaint, she should be given leave to file an amended

complaint. In an amended complaint, Hartung should clearly allege the legal basis of the cause(s) of action she wishes to pursue, whether a constitutional provision, treaty, statute, or a common law cause of action. Hartung should also allege facts supporting her causes of action and showing that they are plausible.

In the amended complaint, Hartung should clearly identify the entities she wishes to name as Defendants. However, she must name as Defendants only those entities who are responsible for the alleged violations. Further, she should clearly describe <u>how each named Defendant</u> is involved in the alleged legal violations in a section entitled "Statement of Facts." Hartung must allege some causal connection between the Defendant named and the injury allegedly sustained. Also, Hartung must allege specifically how he has been damaged (harmed or injured by the actions and/or omissions of the Defendant(s)). Hartung should also be advised that, if she refiles her motion to proceed *in forma pauperis*, she is required to list all of her regular monthly expenses in response to Question 6 of the Application to Proceed in District Court Without Prepaying Fees or Costs (Short Form).

**IV.   RECOMMENDATION.**

Accordingly, I **RESPECTFULLY RECOMMEND** that the Court **DISMISS** Hartung's case without prejudice; **ORDER** Hartung to file an amended complaint within a time specified by the Court following its ruling on this Report and Recommendation; and **DENY** Hartung's motion to proceed *in forma pauperis* (Doc. No. 2) without prejudice to refiling it with the amended complaint.

Hartung should be advised that failure to file a proper amended complaint within the time specified by the Court may result in the case being closed without further notice.

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen (14) days from the date of its filing shall bar an aggrieved party from attacking the factual findings on appeal.

Recommended in Orlando, Florida on March 5, 2013.

*Karla R. Spaulding*
KARLA R. SPAULDING
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy